31733. SOUTHERN CO-OPERATIVE FOUNDRY COMPANY *v.* DRUMMOND.

DECIDED DECEMBER 3, 1947.

*Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*E. J. Clower,* contra.

PARKER, J. B. E. Drummond applied to the State Board of Workmen's Compensation for a hearing to determine the liability of the Southern Co-operative Foundry Company for compensation for an injury received when the tip of his right thumb was amputated by a saw in the plant of the defendant. Upon the hearing it was admitted by all the parties that the injury arose out of and in the course of the employment, that the claimant lost no time from his employment as a result of the injury, and that the injury involved the amputation of one-fourth inch of

the bone of the distal phalange of the right thumb. After the hearing the director made an award in which he said in part, under the heading "Findings of Fact:"

"The question now as propounded by the employer at the time of the hearing is why he would have to pay for the total phalanx when only one-fourth [inch] of the same has been amputated. The State Board of Workmen's Compensation many years ago under Section 114-703 [of the Code] which reads in part as follows: 'The Industrial Board may make rules, not inconsistent with this Title, for carrying out the provisions of this Title.'— adopted a rule in dealing with a distal phalanx that where any part of the bone was lost by traumatic amputation or otherwise, the same would constitute the total loss of said phalanx. . . It therefore follows that the claimant would be entitled to recover 30 weeks compensation at the rate of $20.00 per week for the total loss of the distal phalanx of the right thumb." From the award of the director an appeal was taken directly to the superior court which affirmed the award and the exception in this court is to that order.

It is the contention of the employer, the plaintiff in error, that if such a rule, as set forth in the findings of fact, be in existence, it is inconsistent with the statute and should not be enforced by the courts, and further that the rule is an attempt on the part of the State Board of Workmen's Compensation to legislate as to the compensation payable in certain instances, and as such is invalid as being an unlawful exercise of legislative powers by an administrative body. It appears that the question thus raised is one of first impression in the courts of this State.

Compensation for the loss of a thumb is established by the Code, § 114-406(a), as amended by the acts of 1945 (Ga. L. 1945, p. 485), at 50 percent of the average weekly wage payable for 60 weeks. See Code (Ann., Supp.) § 114-406(a). Subsection (f) of the same Code section provides that loss of the first phalange of the thumb or any finger shall be considered to be equal to the loss of one-half of such thumb or finger, and shall be compensated for on the basis of one-half the specified time for the loss of the entire member. Subsection (r) of the same section provides that "The compensation for partial loss of, or for partial loss of use of a member, . . shall be such

proportion of the payments above provided for total loss as such partial loss bears to total loss. . ." Code, § 114-406 (f) and (r). Unless it can be said that subsection (r) does not apply to the provisions of subsection (f) it would seem that subsection (r) provides a yardstick by which compensation is to be fixed in cases such as this. The two provisions are not inconsistent and should be construed together, and it seems to us that subsection (r) provides an adequate and certain means of computing the compensation in cases such as we have here, and that since the rule of the Board operates without regard to the provisions of subsection (r), it is inconsistent with the law and for this reason is not enforceable.

The rule here in question was fixed by the Board under the authority of § 114-703 (a) of the Code, which provides that "(a) The Department of Industrial Relations may make rules, not inconsistent with this Title, for carrying out the provisions of this Title. Processes and procedure under this Title shall be as summary and simple as reasonably possible." From reading the section containing this provision, and from an examination and consideration of the chapter and context in which the provision appears, we are constrained to hold that the rule-making powers of the Board are confined and limited to procedural and administrative matters. But, the rule here involved is somewhat more than a rule of procedure. It is a rule that materially affects substantive rights. The State Board of Workmen's Compensation is a creature of the statute, and was established by the legislature as an administrative body. It has no inherent powers and no lawful right to act except as directed by the statute. It may exercise its rule-making powers under and within the law, but not outside of the law or in a manner inconsistent with the law. See *New Amsterdam Cas. Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d, 355). Furthermore, a rule which precludes a showing that a partial loss of the distal phalange resulted in only a partial disability is an attempt by the Board to legislate as to the measure of compensation payable, and as such is invalid. The legislative power of the State is vested exclusively in the General Assembly. Code (Ann. Supp.) § 2-1301. The legislature has no power to delegate to a board or bureau or other administrative body authority to

make rules or regulations which are essentially legislative in character. *Moseley* v. *Garrett,* 182 *Ga.* 810, 816 (187 S. E. 20). Therefore, we think that the intent of the legislature is plain, and that it only authorized the Board to make rules and regulations not inconsistent with the law and with regard to matters of procedure, and certainly did not confer on the Board legislative powers to fix by an arbitrary rule the amount of compensation payable in any case.

We do not mean to say, by making the ruling herein, that the Board would not be authorized, in a proper case and under sufficient evidence, to find that an actual partial loss of the distal phalange of a thumb or finger involved a total loss of use of such phalange so as to entitle the claimant to compensation on that basis; but in such case the burden would be upon the claimant to establish that fact by sufficient competent evidence satisfactory to the Board. The evidence in this case, without the aid of the rule invoked by the Board, was not sufficient to authorize an award on the basis of a 50 percent disability to the right thumb of the claimant.

For these reasons the judgment of the superior court denying the appeal must be reversed, and the case remanded to the Board for a determination of the amount of compensation due the claimant under the evidence and without regard to any rule fixing the amount of compensation in disregard of the evidence.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*