39273. HEARING v. JOHNSON *et al.*

CUSTER, Judge. 1. The sole issue in this Workmen's Compensation case is whether there is any evidence to support the finding of the full board that the deceased husband of the claimant, who died of a heart attack incurred while parking a tractor-trailer combination of the defendant on the defendant's premises, was an employee of the defendant at the time of the accident, or whether he was a special employee of the regular driver employed by the defendant. Upon the hearing before the single director the undisputed evidence was to the effect that the deceased, Hearing, had driven the defendant's truck to Canton that morning and had it loaded with chickens preparatory to a delivery run to Miami, Florida. The claimant testified that she saw Mr. Johnson pay her husband $12 for a part trip, and that Johnson told him in her presence that he would finish paying him when they tallied up after the trip. The defendant Johnson offered no testimony in his own behalf and failed to produce his employment records although the plaintiff had issued a subpoena in an effort to obtain them, from which facts a presumption adverse to the defendant is authorized. *Styles v. Dennard,* 97 Ga. App. 635, 641 (104 SE2d 258); *Code* § 38-119. On the basis of this testimony the single director hearing the case found in favor of the claimant. On appeal to the full board the award was affirmed, the evidence this time including a deposition of the defendant's regular employee and driver, which stated in part that the witness was a road driver, that as to arrangements with the defendant company road drivers "could get someone as long as we knew that it was a good truck driver and wanted to let him hire them hours, to go load our outfits for us"; that "I had drivers. I had asked them and got their O.K. to get someone" and that, as to his discussing the matter with Johnson, "When I got to Gainesville I said if it was all right with him I would ask him. I never did send nobody off, you know, without asking them." The act of the agent or servant in hiring a substitute to perform his duties renders the substitute the servant of the original employer only where the employee is expressly or impliedly authorized to appoint a subagent or where he ratifies the act. *Styles v. Dennard,* 97 Ga. App. 635, supra; *White v. J. E. Levi & Co.,* 137 Ga.

269 (2) (73 SE 376); *Cooper v. Lowery,* 4 Ga. App. 120 (60 SE 1015); *Samples v. Shaw,* 47 Ga. App. 337 (170 SE 389); *Cowart v. Jordan,* 75 Ga. App. 855 (44 SE2d 804). There is some evidence here authorizing the award of the board that the deceased was an employee of Johnson, both from the fact that the regular driver was authorized to obtain substitute drivers and from the fact that Johnson himself was aware that the deceased was driving and paid him a part of his money for the trip, thereby ratifying the act.

While it is true (see *Howard v. Georgia Power Co.,* 49 Ga. App. 420 (6), 176 SE 69) that one who merely works for an employee and receives his compensation solely from the employee is not an employee of the employer within the meaning of the Workmen's Compensation Act, nevertheless, the facts shown here, especially in view of the absence of any testimony by the defendant and his failure to produce his employment records, fail to demand a finding to such effect in this case.

2. There being some evidence to support the award, the judge of the superior court erred in entering up a judgment of reversal.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 17, 1962—REHEARING DENIED
FEBRUARY 19, 1962.

*William F. Woods,* for plaintiff in error.
*T. M. Allen, Jr., T. J. Long, Ben Weinberg, Jr.,* contra.

ON REHEARING.

PER CURIAM. In its motion to rehear, the employer contends that the reversal of the judgment of the judge of the superior court has the effect of approving not only the award of compensation in favor of the claimant but a provision as follows: "The penalties as requested are not herein assessed based upon the fact that there be no further appeal. Should this case be appealed, a 10% penalty as provided for under Code Section 114-603 and the sum of $350 attorney's fee for each additional hearing, *will be* assessed as a reasonable and just penalty for the failure of this employer to carry coverage and the further fact that he ignored this board completely and did not attend the hearing."

(Emphasis supplied.) We had no intention of approving this language which, relating as it does to some future action, we do not construe as assessing a penalty at the time of its rendition but merely of indicating an intention to do so in the future. That such action would be illegal is obvious. Under our Constitution, Art. I, Sec. I, Par. IV (*Code Ann.* § 2-104) no person may be deprived of the right to prosecute or defend his cause in any of the courts of the State. "Although the right of appeal is wholly statutory, it is available to any party who comes within the statute granting the right, and cannot be denied or abridged by the courts except as authorized by the statute." 4 C.J.S. 539, Appeal and Error, § 167. A constitutional power can not be used to obtain an unconstitutional result (*McIntyre v. Harrison,* 172 Ga. 65 (4b), 175 SE 499), and the statutory power of the Board of Workmen's Compensation to assess penalties can not be used as a sort of duress to prevent the losing party from prosecuting an appeal. Even though the assessment of penalties would be otherwise proper, it cannot be conditioned upon a failure to appeal. Since both sides conceded this fact in argument before this court, and the claimant as a matter of fact expressly prayed that the penalty provisions be stricken, it is only necessary to point out that any order assessing penalties and attorney fees as a punishment for the defendant's exercise of its statutory right of appeal would be absolutely void.