40468.   GENTRY v. GEORGIA CASUALTY & SURETY COMPANY et al.

DECIDED FEBRUARY 11, 1964—REHEARING DENIED
FEBRUARY 26 AND MARCH 10, 1964.

*Wade H. Leonard,* for plaintiff in error.

*Wilson, Branch, Barwick & Vandiver, Thomas S. Bentley,* contra.

FRANKUM, Judge. The error assigned here is on an order of the superior court denying a workmen's compensation claimant's petition for a judgment for allegedly unpaid compensation. The following facts appear from the bill of exceptions and the record

before this court. Compensation was paid to the claimant in accordance with an approved agreement until December 7, 1961, at which time the employer filed an application for a hearing on account of an alleged change in condition of the claimant. Compensation payments were stopped at that time in accordance with the provisions of Rule 17 of the board. A final award made on that application and materially altering the provisions of the original agreement for the payment of compensation was entered on December 5, 1962. The claimant appealed that award to the superior court which affirmed it, and then brought the case to this court where it was reversed with direction. See *Gentry v. Georgia Cas. &c. Co.,* 107 Ga. App. 888 (131 SE2d 788). The claimant petitioned the Supreme Court for certiorari and that petition was pending at the time the present action seeking a judgment for compensation payments allegedly accruing under the original agreement between December 7, 1961, and December 5, 1962, was filed and denied in the superior court.

Under the provisions of Rule 17 of the board the employer was authorized to discontinue the payment of compensation upon the filing of an application for a hearing on account of a change in the employee's condition. *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 97 (2) (107 SE2d 718); *Employers Mut. &c. Co. v. Derwael,* 105 Ga. App. 54, 56 (123 SE2d 345). The sole purpose of this rule is to preserve the status quo until such time as the board shall make a new award on the application and such new award becomes final. Under the provisions of *Code* § 114-711, a judgment may not be entered so long as the award on which the judgment is sought to be based is subject to review by the courts. Under the facts in this case the trial court did not err in denying the application for a judgment, since it affirmatively appears that the original approved agreement had been superseded by a new award which had not become final within the contemplation of *Code* § 114-711.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*