## 65755. LEAVELL v. LIFE INSURANCE COMPANY OF GEORGIA.

DEEN, Presiding Judge.

Workers' compensation. Appellant Leavell was employed by appellee as an insurance agent and part of his duties included door-to-door collection of debit account premiums for his employer. Because of a previous injury to his left ankle it was his practice to drive his pickup truck to a location where he would only have to walk a short distance to collect from several policyholders within a short period of time. On June 20, 1978, about 7:30 p.m., after he had collected from all but two of his accounts (they were not at home when he first called), he stopped at his office to telephone his wife to find out if she needed anything from the grocery store before he finished his collection route. The store where he purchased the two items for his wife was located approximately one block from the homes of his policyholders. As he was getting into his truck to resume his collections, a man lying on the floorboard pointed a gun at him, ordered him to drive to a wooded area, took him into the woods, shot him in the ankle and robbed him. In 1973 Leavell had been robbed and shot in the same ankle while collecting his debit accounts. Leavell's wife notified his manager of the accident later in the evening and the manager came by their house the next morning to pick up Leavell's record book.

The insurance company is self-insured for workers' compensation benefits and provides group insurance benefits including long-term disability and medical insurance at no cost to its employees. Copies of the policies were introduced into evidence at the hearing.

Leavell filed a claim for workers' compensation benefits on August 3, 1981. After the hearing on the claim, the ALJ found that he suffered a compensable new injury, that the company had received timely notice of the injury, that the company provided the above-mentioned group insurance benefits at no cost to its employees, that Leavell was paid $907.88 for 20 months and 20 days under the long-term disability insurance policy and that after he received a retroactive lump sum social security award to cover 17 months of disability, the insurance company began crediting the disability payment against the social security award. (Such a set-off is provided for under the terms of the policy and the company claimed that in light of the social security award Leavell was entitled to only $274.84 per month.) The ALJ awarded the claimant benefits from June 21, 1978, and offset the first three months benefits against the amount paid under the disability insurance and further awarded

benefits from September 22, 1978, until October 7, 1981, again offsetting the workers' compensation benefits against the disability insurance benefits finding a balance of $136.82 owing to the claimant. For the period following October 7, 1981, the ALJ awarded claimant $95 per week for total disability. The ALJ further found that the claimant was hospitalized most recently in January 1981, for treatment to his ankle, that his medical expenses were paid under his medical insurance policy and ordered that certain other medical expenses not covered under the policy be paid by the employer.

The insurance company raised the statute of limitations as a defense and claimed that it timely filed a WC-3 form denying liability. The ALJ found that the form was filed August 21, 1978, that Board Rule 303 which was in effect at the time of the accident and not rescinded until July 1, 1978, required the employer to file denial of liability within 60 days after receipt of notice of the accident, that the form was not timely filed and this failure created a rebuttable presumption of existence of liability.

The employer appealed the award to the Full Board which, after a de novo consideration of the evidence, adopted the findings of fact and conclusions of the ALJ. The chairman of the Board dissented. An appeal was then taken to the superior court which reversed the Full Board finding that the WC-3 form was timely filed, that the claimant was put on notice that the company denied workers' compensation liability, that he did not file a claim until after the statute of limitations had run, that payments made under the insurance policies were not workers' compensation payments which would toll the running of the statute of limitations. *Held:*

The evidence supports the ALJ's finding that the claimant suffered an injury which arose out of and during the course of his employment. See *IBM v. Bozardt,* 156 Ga. App. 794 (275 SE2d 376) (1980). The evidence also supports the finding that Leavell's employer received notice of the accident on June 20, 1978. *Schwartz v. Greenbaum,* 138 Ga. App. 695 (227 SE2d 479) (1976); *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657 (212 SE2d 13) (1975). However, the ALJ erred in finding that the WC-3 form denying liability was not timely filed. In 1978, August 19, the sixtieth day after the accident, fell on a Saturday. OCGA § 1-3-1 (d) (3) (Code Ann. § 102-102) provides in part: ". . . when a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or discharge the duty." The employer therefore had until Monday, August 21, to file the form. *Chevrolet Parts Div., GMC v. Harrell,* 100 Ga. App. 280 (111

SE2d 104) (1959). As the WC-3 form was timely filed, there is no question that Leavell was placed on notice to defend.

Under OCGA § 34-9-82 (Code Ann. § 114-305), the right to workers' compensation is "barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment or within two years after the date of the last payment of weekly benefits." This code section, however, became effective on July 1, 1978, approximately ten days after Leavell sustained his injury. Under former Code Ann. § 114-305, in effect on the date of the accident, a claim had to be filed within one year of the accident and there was no provision for tolling the statute of limitations because the employer made certain payments in the way of disability income or for medical expenses. Although not ruling on this particular code section, the court in *Hart v. Owens-Illinois, Inc.,* 250 Ga. 397, 400 (297 SE2d 462) (1982), also dealt with whether or not a statute effective July 1, 1978, was to have retroactive application and held that " '[s]tatutory amendments changing limitations periods are generally not applied retroactively, whether the effect of the change would be to improve or worsen the claimant's position, 3 Larson, Workmen's Compensation 15-209, § 78.80 (1976)." In the present case, the former code section must be held to apply and the statute of limitations defense found valid because the claim was filed more than two years after the injury occurred.

Even if OCGA § 34-9-82 (Code Ann. § 114-305) were found to have retroactive application, the result would be the same. In *Chevrolet Division, GMC v. Dempsey,* 212 Ga. 560 (93 SE2d 703) (1956), it was held that where an employer or his insurance carrier furnishes or pays for the medical expenses of an injured employee, such payment constitutes a payment of compensation or waiver which suspends the running of the statute of limitations for filing a claim for workers' compensation benefits. The only logical interpretation of the words "his insurance carrier" means the employer's workers' compensation insurance carrier.

Here, the employer was self-insured for workers' compensation benefits and provided all its employees with certain group insurance benefits as part of their employee benefits package which can be considered a form of compensation to the employees. All the evidence showed, and the ALJ found, that the payments made to the claimant were made under the disability and health insurance plans which were a part of the claimant's employee benefits. The ALJ did not expressly state that these payments tolled the statute of limitations,

but the award itself indicates such a result and causes us to find that the ALJ made correct findings of fact but an erroneous conclusion of law. The medical insurance policy contains an exclusion for injuries which are eligible for workers' compensation benefits and payment of benefits for Leavell's injury is not inconsistent with the company's denial of liability. The disability policy provides for an offset of workers' compensation against the benefits provided under the policy. Here again, payment according to the terms of the policy would not constitute a waiver of the statute of limitations. Leavell was paid benefits under both policies according to their terms. The fact that the employer insurance company was self-insured under the workers' compensation law and provided its employees with free medical and disability insurance it cannot be said to logically follow that it makes voluntary payments for workers' compensation purposes when an employee is injured and he is paid benefits in accordance with the terms of the group insurance policies. The company had a contractual obligation with its employees to pay benefits according to the terms of the policies and their relationship is characterized as insurer to insured according to the terms set forth in the policy. Failure to pay according to the terms of the policies would subject the company to liability for breach of contract. The type of voluntary payment envisioned by the statute would not. As there was no evidence that the payments were either in excess of or below the limits set forth in the insurance policies, the ALJ erred in awarding the claimant workers' compensation benefits as the statute of limitations had run.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 14, 1983

*Steven M. Campbell, H. Stephen Abernathy,* for appellant.
*William Morgan Akin,* for appellee.