70922. LINEHAN v. COMBINED INSURANCE COMPANY et al.
(338 SE2d 34)

CARLEY, Judge.

Mr. Timothy Linehan died while engaged in his employment. His widow, the appellant in the instant appeal, filed a workers' compensation claim seeking death benefits. A hearing on appellant's claim was commenced before an administrative law judge (ALJ). However, prior to the ALJ making an award, appellant entered into a stipulated agreement with appellees employer and insurer as to the payment of benefits. The Board approved the agreement on October 25, 1983. On November 16, 1983, some twenty-two days after the Board had approved the parties' agreement, appellant was issued a draft in the stipulated amount of compensation.

Appellant then invoked the penalty provisions of OCGA § 34-9-221 (f): "If income benefits payable under the terms of an award are not paid *within 20 days after becoming due,* there shall be added to the accrued income benefits an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, the accrued benefits unless review of the award is granted by the board." (Emphasis supplied.) Appellant also sought attorney fees. See OCGA § 34-9-108 (2). A hearing was held before an ALJ and appellant was awarded the 20 percent penalty and attorney fees. Upon a de novo review, the Board made the ALJ's award its own. Appellees appealed to the superior court and the award of the penalty and attorney fees was reversed. This court granted appellant's application for discretionary appeal from the superior court's order of reversal.

Appellees rely upon the fact that an aggrieved party has a statutory right to appeal from the Board's award to the superior court within thirty days from the date of the award. OCGA § 34-9-105 (b). Thus, according to appellees, an award does not become "due" until thirty days have passed and no appeal has been filed, giving an aggrieved party who does not appeal fifty days from the date of the award itself within which to comply with OCGA § 34-9-221 (f). It is urged that a contrary interpretation would effectively reduce the time of appeal from thirty to twenty days.

Appellees' contention may be valid *as a general proposition.* However, in this particular case, the payment was made to appellant twenty-two days after the approval of the parties' stipulated agreement and was, therefore, in satisfaction of a "consent" award. See OCGA § 34-9-15. "An appeal does not lie from a judgment rendered by the consent of the appellant. [Cits.]" *Patterson v. McFarland*, 124 Ga. App. 464 (184 SE2d 230) (1971).

We know of no reason to apply a different rule to a consent workers' compensation award than that applied to any decree from which an appeal would be taken to the appellate courts. *Patterson v. McFarland*, supra. The consent to the award in effect precludes the right to review and, thus, the award becomes due when approved by the Board. Under OCGA § 34-9-221 (f) appellees became subject to a 20 percent penalty by not making payment within twenty days from the date of the approval of the award. It follows that the Board was correct in assessing the penalty and attorney fees and that the superior court erred in reversing that award.

*Judgment reversed. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED OCTOBER 30, 1985 —
REHEARING DENIED NOVEMBER 13, 1985 — 

*David Roberson*, for appellant.
*Bobby T. A. Jones, Julian B. Smith, Jr.*, for appellees.