71838. McLEAN TRUCKING COMPANY v. FLORENCE.
(347 SE2d 333)

POPE, Judge.

Appellee Paul Florence was injured on the job and on January 27, 1983 was awarded weekly workers' compensation benefits by the Administrative Law Judge. Appellant McLean Trucking Company appealed to the full board, which entered an award on July 7, 1983 adopting that of the ALJ. McLean did not appeal and on August 25, 1983, 49 days after the award of the full board, it delivered to Florence's attorney drafts in payment of the accrued benefits as of that date. On August 30, 1983 Florence filed a request for a hearing to assess penalties and attorney fees for late payment of the award. Upon denial of his motion he appealed to the full board, which by order of April 16, 1984 directed McLean to pay the 20% penalty pursuant to OCGA § 34-9-221 (f) and Board Rule 221 (f). McLean's appeal from the board order to the superior court resulted in affirmance of the penalty. McLean then filed an application for discretionary review to this court, which was granted in order to determine the proper time period for paying an award of benefits so as to avoid penalties.

OCGA § 34-9-221 (f) (Ga. L. 1978, pp. 2220, 2227) provides: "If income benefits payable under the terms of an award are not paid within 20 days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, the accrued benefits *unless review of the award is granted by the board.*" (Emphasis supplied.) Rule 221 (f) of the State Board of Workers' Compensation states: "Accrued benefits payable under the terms of an award *are due on the date the award is issued.*" (Emphasis supplied.) However, OCGA § 34-9-105 (b) allows either party to the dispute to appeal to the superior court within 30 days from the date of any final award or judgment of the board.

McLean did not appeal pursuant to OCGA § 34-9-105 (b), but

contends that the correct interpretation of these statutes is that payment of income benefits is not due until 50 days from the date of the award even if no appeal is taken. McLean maintains that an award is not final and a judgment cannot be entered or enforced until after the expiration of the 30-day appeal period with no appeal filed (see *Gentry v. Ga. Cas. &c. Co.*, 109 Ga. App. 294 (136 SE2d 26) (1964); *American Mut. Liability Ins. Co. v. Lindsey*, 63 Ga. App. 658 (1) (11 SE2d 512) (1940)); that the income benefits can be paid within 20 days of the expiration of the 30-day appeal period without incurring a penalty under OCGA § 34-9-221 (f); and that a 50-day grace period is thereby allowed. McLean also argues that insofar as Board Rule 221 (f) makes an award due on the date it is issued, that although OCGA § 34-9-60 (a) grants the board power to "make rules, not inconsistent with this chapter, for carrying out this chapter," such rules "may not enlarge, reduce, or otherwise affect the substantive rights of the parties. '(T)he rule-making powers of the [b]oard are confined and limited to procedural and administrative matters.' *Southern Co-operative Foundry Co.* [*v. Drummond*, 76 Ga. App. 222, 224 (45 SE2d 687) (1947)]." *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 285 (293 SE2d 741) (1982).

We are not persuaded by this analysis, even though this court recently commented in obiter dicta that such a statutory construction "may be valid *as a general proposition.*" *Linehan v. Combined Ins. Co.*, 176 Ga. App. 815, 816 (338 SE2d 34) (1985). The holding in *Linehan* turned upon the fact that the parties had consented to the award, which precluded the right to review, and thus the award became due when it was approved by the board. Rather, viewing the situation here as a question of first impression in this state, we conclude that the proper interpretation is that of the Institute of Continuing Legal Education of Georgia and the State Board of Workers' Compensation in the Georgia Workers' Compensation Practice Manual, Chapter 11.2 (Revised March 1985), which states: "[OCGA § 34-9-221 (f)] is designed to promote prompt payment of benefits under an award. When income payments under an award have not been paid within 20 days of becoming due, the penalty is 20 percent of the accrued income benefits. *This penalty forces the employer/insurer to make a decision within 20 days as to whether or not an appeal will be filed.* If no appeal is filed, the employer/insurer have no reason to delay the payment of benefits to the injured employee. *If an appeal is filed, the award is not final,* and no payment of income benefits is required until the award is final." (Emphasis supplied.)

OCGA § 34-9-221 (f) is obviously intended to promote prompt payment of benefits to wage earners who have been deprived of their normal income due to work related injuries — a purpose which would be frustrated by extending the 20-day deadline specified in the Code

section an additional 30 days. Therefore, in accordance with the plain language of the statute and with Rule 221 (f), an employee who has not been paid the accrued benefits due him under an award within 20 days of the issuance thereof may immediately collect both the accrued benefits and the 20 percent penalty, subject to the right of the employer to recover these amounts in the event the employer should later file a timely appeal *and ultimately prevail thereon.* In other words, the filing of a notice of appeal by the employer after the 20th day but within 30 days following the issuance of an award does not constitute an automatic supersedeas but leaves the employee free to collect the amount of the award, as well as the 20 percent penalty, *at his peril.* Cf. *Hawn v. Chastain,* 246 Ga. 723, 725 (273 SE2d 135) (1980). Thus, if the claimant elects to collect the award and penalty when due and an appeal is filed between the 20th and 30th day which results in a reversal, then both the award and penalty are nullified and must be reimbursed to the employer. But if the award is affirmed the penalty stands.

This is fully in accord with the expressed concern of the Georgia appellate courts that a liberal statutory construction be given to effectuate the humane purposes of the Workers' Compensation Act. See *State of Ga. v. Mitchell,* 177 Ga. App. 333 (1) (339 SE2d 384) (1985). While it requires the employer/insurer to make a determination of whether to appeal within 20 rather than 30 days, or incur paying the penalty if an appeal is not filed or is unsuccessful, it does not work as "a sort of duress to prevent the losing party from prosecuting an appeal." *Hearing v. Johnson,* 105 Ga. App. 408, 410 (124 SE2d 655) (1962) (on rehearing). It is more analogous to the payment of rent into the registry of the trial court required by OCGA §§ 44-7-54 and 44-7-56 of a tenant in possession of the premises in an action against a landlord. Nor do we agree that Board Rule 221 (f) in any way affects the substantive rights of the parties; it is merely an administrative procedure to compel prompt compliance with an award of compensation benefits to the claimant. Furthermore, since under OCGA § 34-9-105 (b) any award which is not appealed attains res judicata status, there is no valid reason to allow the employer an extra 20 days to pay it. See *Woods v. Delta Air Lines,* 237 Ga. 332 (227 SE2d 376) (1976). See also *Reed v. Del Chem. Corp.,* 554 P2d 586 (26 Or. App. 733) (1976), and *Jack v. Fidelity & Cas. Co.,* 326 S2d 584 (La. App. 1976), holding that even if the employer pursues an appeal, thus temporarily precluding the effect of res judicata, the appeal does not stop payment of compensation to the claimant. Accordingly, we conclude that the superior court correctly ruled in affirming the full board that, "being mindful of policies behind and the purposes which Workers' Compensation was intended to serve, . . . there is no basis for extending the time period in which an employer may pay a claim, with

or without incurring a penalty, to 49 days subsequent to the issuance of an award."

Given the facts of this case, the award was final on July 7, 1983, when the board ruled in favor of the claimant. OCGA § 34-9-105 (a). At that point the benefits accrued to date became due, and payment was required within 20 days thereof or a 20% penalty added. OCGA § 34-9-221 (f). Since the employer did not appeal to the superior court, as it could have done within 30 days of the board award pursuant to OCGA § 34-9-105 (b) to obtain a reversal of the award (which would eliminate the penalty), the penalty must be paid.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Benham and Beasley, JJ., concur. Deen, P. J., Birdsong, P. J., Carley and Sognier, JJ., dissent.*

CARLEY, Judge, dissenting.

I must respectfully dissent to the majority's affirmance of the superior court in this workers' compensation case because I believe that the majority opinion erroneously construes the applicable statutory provisions as applied to the facts sub judice. The task before this court is to reconcile any conflict between OCGA § 34-9-221 (f) and OCGA § 34-9-105 (b). OCGA § 34-9-221 (f) provides that if income benefits are not paid "within 20 days after becoming due" a 20 percent penalty is assessable. However, as noted by the majority, OCGA § 34-9-105 (b) allows 30 days within which either party may appeal from any award of the Board. Apparently attempting to construe the two Code sections in pari materia, the majority first relies upon the interpretation set forth in the Georgia Workers' Compensation Practice Manual which, as shown on page 515 of the majority opinion, opines that notwithstanding the fact that an employer has *30* days within which to file an appeal, such employer must, within *20* days of the appeal, decide whether to appeal or risk a 20 percent penalty in the event a timely appeal is not ultimately filed. However, ultimately and somewhat inconsistently, the majority appears to hold that even if an appeal is filed after 20 days but before 30 days, the penalty is assessed subject to reimbursement if and only if the appeal is successful. Ironically, it further *appears* that the majority would hold that an appeal filed within 20 days prevents imposition of the penalty until 20 days following the resolution of the appeal even if the appeal is unsuccessful. In my opinion, this approach is both confusing and illogical. Of course, the rationale underlying the majority's resolution of the issue is based primarily upon Rule 221 (f) of the State Board of Workers' Compensation, which proclaims that "accrued benefits payable under the terms of an award are *due* on the date the award is issued." (Emphasis supplied.) However, as the majority must and does recognize, a rule of the Board remains viable only to the extent

that it is not inconsistent with the mandates of the applicable statutory provisions. See *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283 (293 SE2d 741) (1982).

In the instant case, to the extent that the Board rule requires payment to be made within 20 days of the date of the award so as to avoid the 20 percent penalty provision of OCGA § 34-9-221 (f), it is inconsistent with the letter and spirit of OCGA § 34-9-105 (b) which allows a party 30 days within which to decide whether or not to file an appeal from an award. Quite simply, the award is not final or "due" until the appeal time has run or the appeal procedure has been exhausted. See *Gentry v. Ga. Cas. &c. Co.*, 109 Ga. App. 294 (136 SE2d 26) (1964).

The majority classifies as obiter dicta the recent statement by this court that the construction which I propose "may be valid as a general proposition." *Linehan v. Combined Ins. Co.*, 176 Ga. App. 815, 816 (338 SE2d 34) (1985). While I disagree with the majority's conclusion that the above-mentioned portions of *Linehan* are dicta, I will not further address that point since *Linehan* is without binding precedential value in any event because only two judges concurred in the opinion. Court of Appeals Rule 35 (b). However, I sincerely believe that such "construction" is valid and viable "as a general proposition" and that the only reason such interpretation was not applicable in *Linehan* was because, in that case, the benefits were "due" when the award was filed in that the award was entered by consent of the parties. However, in cases other than those involving consent awards, it is inconceivable that the legislature intended to require a party to resolve the question of whether it would appeal 10 days prior to the date on which such an appeal could be filed. The only reasonable construction is that in cases where an appeal from a non-consent award is not timely filed, the payments required by the award become "due" upon the expiration of the time within which an appeal could have been filed. From that date, therefore, begins the running of the 20-day period within which there may be compliance with the award without exposure to the penalty.

In the case at bar, the appellant made payment within 20 days from the date when the benefits were "due," and should not be subjected to the penalty. I would reverse the judgment of the superior court and, therefore, I dissent.

I am authorized to state that Presiding Judge Deen, Presiding Judge Birdsong and Judge Sognier join in this dissent.

DECIDED JUNE 26, 1986.

*James C. Gaulden, Jr.*, for appellant.

*Michael S. Webb,* for appellee.