72666. DYKES v. SUPERIOR ELECTRICAL
CONTRACTORS et al.
(348 SE2d 120)

SOGNIER, Judge.

Alan Dykes brought a motion to have penalties assessed against Superior Electrical Contractors (Superior) and its insurer, Georgia Insurance Company, for late payment of income benefits due under an award of the State Board of Workers' Compensation. The Board affirmed the ALJ's award assessing penalties against Superior and Georgia Insurance Company. The Superior Court of Monroe County reversed the penalty assessment award and we granted Dykes' application for discretionary appeal.

1. Appellant contends the superior court erred by reversing the ALJ and Board by holding that payment of benefits was timely made. OCGA § 34-9-221 (f) provides that "[i]f income benefits payable under the terms of an award are not paid within *20* days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof, which shall be paid at the same time as, but in addition to, the accrued benefits unless review of the award is granted by the board." (Emphasis supplied.) Rule 221 (a) of the Rules and Regulations of the State Board of Workers' Compensation requires an employer to "[m]ake payment in cash or negotiable instrument *in time for claimant to receive payment when due* at a Georgia depository convenient to the claimant's address of record . . . ." (Emphasis supplied.) Rule 221 (f) provides that "[a]ccrued benefits payable under the terms of an award are due on the date the award is issued."

In this case, the Board determined that appellant was entitled to income benefits as a result of a work-related disability and issued an award on April 2, 1984, from which no appeal was taken. A draft in payment of the awarded benefits, issued by appellee Georgia Insurance Company and dated Friday, April 20, 1984, was mailed on Monday, April 23, 1984, and received by appellant's attorney two days later. Appellant contends that the superior court erred by holding that payment was timely made pursuant to OCGA § 1-3-1 (d) (3) in that the draft was *mailed* on the twentieth day from the Board's April 2, 1984 award. Appellant argues that the applicable laws, OCGA

§ 34-9-221 (f) and Rule 221 (a) and (f), require that payment be *received* by the claimant within twenty days of the date of the award. We agree with appellant.

"The Workers' Compensation Act must be given a liberal interpretation in favor of the claimant. [Cit.]" *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 650 (1) (324 SE2d 194) (1984). The plain language of OCGA § 34-9-221 (f) and Rule 221 (a) and (f) mandates that payment of benefits be *received* by a claimant within 20 days of an award. We find no merit in appellees' argument that we should not give effect to the plain language of OCGA § 34-9-221 (f) because the 20-day time period therein is unreasonably short, given the logistical delays involved in receipt of the award from the Board, and the issuance and mailing of payment to the claimant. See *Sheffield v. Cotton States &c. Co.*, 141 Ga. App. 861, 863 (234 SE2d 695) (1977). Appellees next argue that OCGA § 34-9-221 must be read together with OCGA § 34-9-105 (b) so that any payment awarded by the Board would become due upon the expiration of the time within which an appeal could have been filed, thus authorizing a penalty under OCGA § 34-9-221 only where payment is made after fifty days from an award. This argument, however, has been decided adversely to appellees in our recent decision of *McLean Trucking Co. v. Florence*, 179 Ga. App. 514 (347 SE2d 333) (1986). Finally, we need not reach appellees' argument that OCGA § 34-9-221 (f) and Rule 221 unconstitutionally curtail appellees' right to an appeal to superior court within 30 days of a decision of the Board pursuant to OCGA § 34-9-105 because the superior court did not rule on this constitutional argument. See *Philyaw v. Fulton Nat. Bank*, 139 Ga. App. 28, 29 (1) (227 SE2d 811) (1976). Therefore, the superior court erred by reversing the Board's assessment of a penalty against appellees for late payment of benefits due appellant. See *McLean Trucking Co.*, supra; see also *Linehan v. Combined Ins. Co.*, 176 Ga. App. 815 (338 SE2d 34) (1985).

2. We agree with appellant's contention that the superior court erred by taxing costs against him. Although prior to 1978 the superior court was authorized to assess costs against parties in certain situations, the legislature amended the Workers' Compensation Act in 1978 and removed from the courts the authority to award costs in workers' compensation cases, vesting that authority solely in the Board. Ga. L. 1978, pp. 2220, 2234-2235 (present OCGA § 34-9-108 (b) (2)). Thus, the superior court was without authority to tax costs against appellant and erred by doing so. See *Dycol, Inc. v. Crump*, 169 Ga. App. 930 (315 SE2d 460) (1984).

*Judgment reversed. Banke, C. J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED JULY 16, 1986.

*R. Kevin Silvey*, for appellant.
*Burton L. Tillman, Jr.*, for appellees.