73088. ATLANTA JANITORIAL SERVICE, INC.
et al. v. JACKSON.
(355 SE2d 93)

POPE, Judge.
This is a discretionary appeal from a superior court order affirming an award of the State Board of Workers' Compensation. The record reveals that on May 28, 1983 appellee Frances L. Jackson sustained an injury to her back arising out of and in the course of her employment with appellant Atlanta Janitorial Service, Inc. At that time, Atlanta Janitorial was insured for workers' compensation purposes by appellant Westchester Fire Insurance Company. Appellee received workers' compensation benefits for approximately one month before she returned to work. Upon subsequently losing her job for economic reasons beyond her control, she applied for and received unemployment benefits. She also petitioned the State Board of Workers' Compensation for a hearing to determine if she had undergone a change in condition making her eligible for further benefits. That hearing took place on March 7, 1984 before an administrative law judge ("ALJ") who entered an award in her favor on June 21, 1984. He ordered that retroactive payments be made in the amount of $66.94 per week to be calculated from November 1, 1983 until "termi-

nated or altered by law." On October 10, 1984 the full board affirmed the award, and on October 29, 1984 appellants filed notice of a lump sum payment to appellee. This payment was calculated to cover the period from November 1, 1983 until February 1, 1984. Simultaneously, appellants filed a WC-2 suspension of benefits form with the board but failed to attach a supporting medical report as directed by board Rule 221 (i) (4). Further, they failed to give 10-day notice to appellee pursuant to OCGA § 34-9-221 (i) and board Rule 221 (i) (1).

Subsequently, appellee filed an "Application for Order to Enforce Payments and Penalties and Request for Hearing on Attorney Fees" with the board. She alleged that appellants' termination of benefits as of February 1, 1984 violated the order which required that benefits were to continue "until terminated or altered by law." Appellee requested that benefits be enforced and that penalties and attorney fees be imposed for failure to comply with the award. In response, appellants alleged that they suspended benefits as of February 1, 1984 based on their receipt of certain medical reports which stated that appellee was able to return to work as of March 17, 1984.

On March 4, 1985 the ALJ heard evidence on the issue of whether appellee had sustained a change in condition and on the issue of appellants' failure to comply with the October 10, 1984 award. Pursuant to that hearing the ALJ entered his award on May 17, 1985 which held as follows: "I find that the employer/insurer's retroactive suspension of the claimant's income benefits as of February 1, 1984, to be not only improper but an arrogant act of defiance to the State Board of Workers' Compensation. In that the Full Board's award dated October 10, 1984, is res judicata, I find that the employer/insurer failed to timely pay the claimant from February 1, 1984, through October 10, 1984, thereby violating OCGA § 34-9-221 (f). Therefore, the claimant is entitled to accrued income benefits in the amount of $80.33 per week commencing February 1, 1984 and continuing until October 10, 1984, representing an additional 20 percent increase. I further find that the claimant is owed the amount of $66.94 commencing October 11, 1984 and continuing until terminated or altered by law. The period February 1, 1984 through October 10, 1984 represents 36 weeks and three days. Therefore, the employer/insurer failed to comply with a board award ordering that weekly income benefits be paid at least 36 times. . . . I find that the employer/insurer wilfully failed to comply with the Full Board's award dated October 10, 1984 36 times. Thus, I find, pursuant to OCGA Section 34-9-18, that the assessment of $36,000.00 against the employer/insurer is proper in that they wilfully failed to follow the board's directive 36 times." (Indention omitted.) Further, the ALJ assessed add-on attorney fees against appellants pursuant to OCGA § 34-9-108 (b).

Appellants then filed a notice of appeal to the full board as well

as a timely request for review of penalties pursuant to OCGA § 34-9-18 (b). The only issues on appeal were the ALJ's assessment of $36,000 in penalties, the assessment of "add-on" attorney fees, and the assessment of a 20% penalty pursuant to OCGA § 34-9-221 (f). The full board adopted the decision of the ALJ but reduced the $36,000 penalty to $3,600. Appeal was made to the superior court which, in turn, affirmed the award of the full board on the basis of the "any evidence" test. Application for appeal to this court was made and granted.

1. Appellants enumerate as error the superior court's reliance on the "any evidence" test to affirm the board's award. They argue, inter alia, that the ALJ's imposition of civil penalties pursuant to OCGA § 34-9-18 (a) was without notice and opportunity to be heard; therefore, their rights to constitutional due process were violated. We agree.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Cits.] The notice must be of such nature as reasonably to convey the required information, [cit.], and it must afford a reasonable time for those interested to make their appearance, [cits.] But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314-15 (70 SC 652, 94 LE 865) (1950).

Appellee's application for an order to enforce payments sought only assessment of an additional 20% of accrued benefits pursuant to OCGA § 34-9-221 (f) and $500 attorney fees; it did not contain a petition for assessment of civil penalties pursuant to OCGA § 34-9-18 (a). Nor did the ALJ on his own motion notify appellants that the issue of § 34-9-18 (a) civil penalties would be addressed at the March 4, 1985 hearing. The record thus discloses that appellants were afforded no notice that such civil penalties would be assessed against them, and they were not afforded adequate opportunity to be heard on this issue prior to imposition of same. Accordingly, the superior court erred in affirming the award of civil penalties pursuant to OCGA § 34-9-18 (a). See *Bailey-Lewis-Williams v. Thomas*, 103 Ga. App. 279 (5) (119 SE2d 141) (1961); *Employers Liability &c. Corp. v. Pruitt*, 63 Ga. App. 149 (2) (10 SE2d 275) (1940). In accordance with our findings, we reverse the assessment of OCGA § 34-9-18 (a) civil penalties in the award and remand this issue to the board for proper procedural resolution.

2. In light of our holding in Division 1, supra, we do not reach the merits of appellants' various substantive challenges to the board's imposition of OCGA § 34-9-18 (a) penalties.

3. Appellants argue that the award is void as a matter of law in that it has a chilling effect on their right to appeal. In his award the ALJ stated, "In the event that there is an appeal from this award, I humbly recommend to the Full Board the provisions of OCGA § 34-9-132 which provide the grounds for revocation of an insurance carrier's permit to engage in business as an insurance carrier under [the Workers' Compensation Act]." Appellants cite *Hearing v. Johnson*, 105 Ga. App. 408, 409 (124 SE2d 655) (1962) (on rehearing), in which this court considered similar language in an award and stated, "[T]he statutory power of the Board . . . to assess penalties can not be used as a sort of duress to prevent the losing party from prosecuting an appeal. . . . [T]he assessment of penalties . . . cannot be conditioned upon a failure to appeal." Id. at 410.

We agree that the above-stated language which recommends revocation of the insurance carrier's permit upon appeal has a chilling effect on appellants' right to appeal. Moreover, a change-in-condition hearing is an inappropriate proceeding in which to address the revocation of an insurance carrier's permit to write workers' compensation insurance in this state. See OCGA § 34-9-132. We find, however, that this language is separate and distinct from the remaining language of the award; therefore, we decline to invalidate the entire award on this ground. Rather, we declare the offending language void and direct that upon remand to the board it be stricken from the award.

4. Appellants next contend that they did not disregard the October 10, 1984 award in that they were authorized to terminate benefits as of February 1, 1984, even though the award stated that payments were to be made "until terminated or altered by law." Appellants argue that their termination of benefits, filed on October 29, 1984 was based upon their receipt of a medical report, dated August 14, 1984, which stated that appellee was able to return to work as of March 17, 1984. Appellants argue, therefore, that their termination was an "act done in accordance with the law."

In the May 17, 1985 award, the ALJ made the following findings: "Although the employer/insurer did not appeal the Full Board's [October 10, 1984] award, the employer/insurer by Form WC-2 [filed October 29,] 1984, reported that weekly income benefits were paid to the claimant from *November 1, 1983 through February 1, 1984* at which time the claimant's benefits were suspended. The employer/insurer failed to comply with Board Rule 221[(i)] in that . . . there was no 10-day notice given to the claimant nor was a medical report substantiating the employer/insurer's allegation attached to the form." Also, the ALJ found that appellants failed to submit the medical evidence on which they relied to justify their suspension of payments, even though the record was extended for thirty days for the purpose of receiving further medical evidence. Furthermore, the medical evi-

dence was not submitted to the board for review until after the board had affirmed the ALJ's award, even though appellants were in possession of the report at the time of the de novo review proceedings.

Clearly, OCGA § 34-9-221 (i) and the corresponding provisions of board Rule 221 require an employer/insurer to give both a ten-day notice to the claimant before suspension of benefits as well as to file a medical report with the WC-2 form. The record discloses that appellants failed to comply with these provisions. Under these circumstances, appellants were not authorized to terminate benefits and did so at their peril. Accord *Caldwell v. Perry*, 179 Ga. App. 682 (2) (347 SE2d 286) (1986); *Cedartown Nursing Home v. Dunn*, 174 Ga. App. 720 (1) (330 SE2d 905) (1985); *West-Point Pepperell v. Springfield*, 140 Ga. App. 530 (1) (231 SE2d 811) (1976). Therefore, we find the evidence supports the ALJ's finding that appellants disregarded the board's October 10, 1984 award.

5. We find no merit in appellants' assertion that the board erred in finding the doctrine of res judicata applicable to the October 10, 1984 award. See *James v. Gen. Motors Corp.*, 107 Ga. App. 588 (1) (131 SE2d 58) (1963); *Employers Mut. Liab. Ins. Co. v. Derwael*, 105 Ga. App. 54 (123 SE2d 345) (1961), and cits.

6. We find no error in the superior court's reliance on the "any evidence" test to affirm the board's award of add-on attorney fees pursuant to OCGA § 34-9-108 (b) (1). Accord *Motor Convoy v. Maddox*, 172 Ga. App. 430 (323 SE2d 235) (1984); see *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648 (3) (324 SE2d 194) (1984).

7. Likewise, the superior court correctly applied the "any evidence" test to affirm the board's award of a 20% penalty pursuant to OCGA § 34-9-221 (f). Accord *Caldwell v. Perry*, supra; *McLean Trucking Co. v. Florence*, 179 Ga. App. 514 (347 SE2d 333) (1986); *Linehan v. Combined Ins. Co.*, 176 Ga. App. 815 (338 SE2d 34) (1985).

*Judgment affirmed in part; reversed and case remanded in part. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 13, 1987.

*Daniel A. Angelo, Cathleen M. Devlin,* for appellants.
*Larry J. Barkley,* for appellee.