75713. OWEN OF GEORGIA, INC. et al. v. WAUGAMAN.
(366 SE2d 173)

POPE, Judge.

Appellants employer/insurer bring this appeal from an order of the superior court affirming an award by the State Board of Workers' Compensation imposing a penalty pursuant to OCGA § 34-9-221 (f). The chronology of events pertinent to this appeal shows that claimant Waugaman was awarded income benefits pursuant to an administrative law judge's award dated April 11, 1986. Appellants sought review of this award by the full board 28 days later on May 9, 1986. The board affirmed the award on August 8, 1986. Within 20 days of this award appellants paid to claimant all monies due under the award. On September 24, 1986 claimant requested a hearing on the penalty provision of OCGA § 34-9-221 (f). An ALJ's award was entered on October 28, 1986 imposing the statutory 20 percent penalty, and this was affirmed by the full board on March 20, 1987. The superior court in turn affirmed this award on June 23, 1987, and this discretionary appeal followed.

1. Appellants' first enumeration asserts the doctrine of res judicata as barring claimant's request for a penalty. Appellants argue that this matter could have been, and thus should have been adjudicated before the full board during the initial claim for benefits. See generally *Ga. Cas. &c. Co. v. Randall*, 162 Ga. App. 532 (292 SE2d 118) (1982). We find this argument entirely without merit.

"The res judicata effect of a workers' compensation claim does not operate to bar litigation of and recovery for events occurring subsequent to the hearing on the issues. *Carrier Ins. Co. v. McConnell*, 141 Ga. App. 44 (232 SE2d 606) (1977)." *Boaz v. K-Mart Corp.*, 254 Ga. 707, 710 (334 SE2d 167) (1985). Clearly, the issue of the timeliness of the payment of benefits pursuant to an ALJ's award cannot

arise prior to such award being rendered. It follows that an application for review of such award by the full board would likewise not include this issue. Such an appeal renders the ALJ's award nonfinal (see OCGA § 34-9-103 (a)) and any discussion of a penalty for violation of OCGA § 34-9-221 (f) arguably premature. We do not mean to hold that a failure to comply with OCGA § 34-9-221 (f) occurring subsequent to the ALJ hearing but prior to review by the full board cannot be shown upon such review (see OCGA § 34-9-103 (a); *Binswanger Glass Co. v. Brooks*, 160 Ga. App. 701 (1) (288 SE2d 61) (1981)), "but we do hold that [only] issues which were determined or which could have been adjudicated on the first hearing [before the ALJ] concerning facts as they then stood are conclusive." *Fishten v. Campbell Coal Co.*, 95 Ga. App. 410, 416 (98 SE2d 179) (1957).

2. We find nothing in the opinion in *McLean Trucking Co. v. Florence*, 179 Ga. App. 514 (347 SE2d 333) (1986), precluding the holding therein from being applied to the facts in the case at bar. See Ga. L. 1987, p. 806, §§ 2 and 3, which reduced the time for filing an application for review from 30 to 20 days both for review of an ALJ award by the full board and also for appeal of a full board award to superior court. We also find no basis for limiting the holding in *McLean* to prospective application only. See generally *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (3) (300 SE2d 673) (1983). Finally, we find no merit in appellants' contention that the superior court erred in applying the "any evidence" test in this case. *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. 155 (7) (355 SE2d 93) (1987). We thus find no ground for reversal of the superior court's order for any reason assigned on appeal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 1, 1988 —
REHEARING DENIED FEBRUARY 15, 1988 —

*James T. McDonald, Jr., Joseph A. Munger, R. Briggs Peery*, for appellants.
*Steven E. Marcus*, for appellee.