77721. COX ENTERPRISES, INC. v. MARSHALL.
(378 SE2d 725)

POPE, Judge.

In this workers' compensation case, the employee, Stanford Marshall, was awarded benefits on September 27, 1985. The employer, Cox Enterprises, Inc., filed its appeal to the full board within the thirty-day period for bringing appeals which was then in effect (prior to the 1987 amendment to OCGA § 34-9-105 (b)), but after twenty days from the date of the award. The board and the superior court affirmed the award. The employer's application for discretionary appeal to the Court of Appeals was denied and the Supreme Court refused to grant certiorari. Within twenty days from the denial of certiorari, the employer commenced payment of benefits. On December 16, 1986, more than one year from the original award, the employee requested that the board assess a twenty percent penalty against the employer for failing to pay benefits within twenty days from the date of the original award. The board's order awarding a twenty percent penalty was affirmed by the superior court. We granted the employer's application for appeal.

The employer urges this court to overturn its holding in *Owen of Ga. v. Waugaman*, 185 Ga. App. 827 (366 SE2d 173) (1988), on the ground that the holding is inconsistent with earlier opinions and that

language within the opinion is internally inconsistent with the holding in the case.

The employer argues that it has long been held that an award of an ALJ "is final . . . only when no application for review thereof is filed in due time with the full board . . . ." *Thornberg v. Richmond County Bd. of Education,* 110 Ga. App. 676, 677 (139 SE2d 454) (1964). It follows, the employer argues, that it is only the decision of the full board which must be appealed or paid within twenty days because a decision by an individual ALJ is not final until the period for bringing an appeal has expired. (We note that the employer's appeal to the superior court was brought within twenty days of the full board's decision.) We have already addressed this issue in *McLean Trucking Co. v. Florence,* 179 Ga. App. 514 (347 SE2d 333) (1986), in which this court acknowledged that, despite the twenty-day payment rule, no award is final until all appeals have been exhausted. Therefore, we held in *McLean* that an employee may collect both benefits and a penalty even before the appeals have been exhausted, "subject to the right of the employer to recover these amounts in the event the employer should later file a timely appeal and *ultimately prevail thereon.*" Id. at 516.

In *Owen* this court also recognized that when a timely appeal is taken, the award of an ALJ is not final until approved on appeal. The employer urges that this recognition of the non-finality of an award on appeal is inconsistent with the holding in *Owen* that a penalty is due and payable when the appeal was brought after twenty days from the date of the award. However, in *Owen* the issue of finality arose in the context of whether to apply the doctrine of *res judicata* to the final award, thereby precluding the employee from later requesting the imposition of a penalty. We merely held that the non-finality of an award on appeal means that an employee is not required to raise his claim for a penalty on appeal because, obviously, the award could be overturned so that neither benefits nor a penalty would be due. However, we also indicated that the employee was not precluded from raising a claim for a penalty when the award is on appeal to the full board. In accordance with *McLean,* if a penalty is assessed by the board in the course of affirming the award of an ALJ, both the award and the penalty may later be reversed on appeal to the superior court or an appellate court. Thus, the rationale of *Owen* is not internally inconsistent with the holding in that case that a penalty was payable because the appeal was brought more than twenty days from the date of the award.

A penalty is assessable if benefits are not paid within twenty days from the date they "becom[e] due." OCGA § 34-9-221 (f). The award becomes due not on the date the award becomes final, as the employer argues, but "on the date the award is issued." Rule 221 (f) of

the Rules & Regulations of the State Board of Workers' Compensation. Consequently, the penalty awarded in this case was properly assessed.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 15, 1989.

*Swift, Currie, McGhee & Hiers, Guy R. Taylor*, for appellant.
*David H. Buchanan, Steven E. Marcus*, for appellee.