## 41034. HENDRIX v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

DECIDED JANUARY 19, 1965—REHEARING DENIED FEBRUARY 4, 1965.

*William O. Carter*, for plaintiff in error.
*Woodruff, Savell, Lane & Williams, John M. Williams*, contra.
FELTON, Chief Judge.  The finding that it was Dr. Harris'

opinion when he dismissed the claimant to return to his normal work on November 14, 1962, that the claimant had no muscle spasm, that his back was normal and that there was no permanent disability was not a finding that the above was a fact. It was merely a finding that such was the opinion of Dr. Harris. There was evidence that Dr. Harris told the claimant at that time that he couldn't find anything else wrong and that *he had to have somebody that knew something about the back*. This seems to indicate that the doctor's opinion was that, as far as he himself could determine, the claimant was recovered, but that he realized that there was a possibility that a doctor specializing in such matters might reach a different conclusion. Furthermore, the fact that the full board's amended finding and award omitted the limitation of November 14, 1962, the date of the claimant's "dismissal" by Dr. Harris, raises the inference that the board was of the opinion that the claimant's complaints and treatment subsequently to that date at least may have been causally related to the original injury. Without going into specific testimony, it is sufficient to state that there was evidence which might have authorized either finding. The board ought to have made a specific finding of fact and award, specifying what "reasonable and necessary" medical expenses were incurred as a result of the October 22nd accidental injury. This was a factual issue which should have been adjudicated by the board, especially up to the time of hearing, rather than being left to the parties to be resolved.

Although the award of the full board did not specifically award or deny compensation to the claimant, as did the award of the deputy director, the board's adoption of the deputy director's finding—that the claimant lost no time as a result of the injury in that he continued to work until he was laid off *for other reasons*—indicates their opinion that no compensation was justified. The only finding of fact upon which this conclusion is based is that the claimant had been reprimanded by his employer on two previous occasions prior to his sustaining the injury on October 22nd. The only evidence in the record concerning these "other reasons" is that the claimant had been reprimanded by his employer on June 22, 1962, in regard to the way he was doing his work and that, following that, he had another reprimand and

was laid off a week due to a "misunderstanding" arising out of his employer's having asked him to do something that wasn't his job, which task he had not refused to do. This evidence was not sufficient to authorize the finding that the claimant was dismissed because his work was unsatisfactory, rather than for the purpose of avoiding paying the claimant compensation for his injury. The employer's act of permitting the claimant to work some 3 or 4 months after the reprimands amounts to an approval of the quality of his labors, especially in the absence of any evidence of its dissatisfaction with him shortly before it dismissed him.

Accordingly, the board must make the following additional findings of fact: firstly, as to what reasonable and necessary medical expenses must be paid for by the defendants and, secondly, whether the claimant's dismissal by his employer was for the purpose of avoiding payment of compensation and, if such be the case, to how much compensation the claimant is entitled under the law and the facts, and to decide all of the issues raised in the case.

The judgment of the trial court affirming the award of the board is reversed with direction that the case be remanded to the board for further findings of fact and award in accordance with the above holdings.

*Judgment reversed. Jordan and Russell, JJ., concur.*