## 25532. LOFTON v. BOHANNAN et al.

Argued December 8, 1969—Decided February 19, 1970— Rehearing denied March 5, 1970.

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.
*James W. Hall, F. Thomas Young,* for appellees.

Felton, Justice. This litigation began with the filing of a bail trover proceeding by Mrs. Ruby Lofton against Marjorie Bohannan (or Bohannon, or Bohanon) and Mrs. Noah Bennett to recover specified personal property including a key to the house of the plaintiff in Statenville, Georgia, and a key to a safety deposit box in the First National Bank of Valdosta, Georgia. The defendants filed an answer and Marjorie Jean Bohanon and her husband, Ewell Bohanon, as third-party plaintiffs filed a counterclaim. These counter-claim plaintiffs impleaded the First National Bank of Valdosta, Georgia, as a third party plaintiff and Bradford Strickland and Annie Maude Strickland as third party defendants. After a number of inter-

locutory orders the last hearing was had on May 16, 1969. After hearing evidence and argument of counsel the court issued the following order:

"In the Superior Court of Echols County. Ruby Lofton vs. Marjorie Bohanon et al. #3238. Order of the Court. The above matter coming on to be heard and it appearing to the court that Mrs. Ruby Lofton has substantial funds on deposit with the First National Bank of Valdosta and that various parties are claiming the right to draw upon the funds, and

"It appearing further that Mrs. Ruby Lofton is an elderly person and that there is some question as to her competency, and

"It appearing from the evidence that Mrs. Lofton has an income of $51 per month from Social Security and that she owns two houses in Echols County, Georgia, presently rented for $30 each and that she is presently residing with her nephew, Bradford Strickland, and his wife, Annie Maude Strickland, which said rent is being collected by Mrs. Annie Maude Strickland, and

"It appearing further that said Mrs. Strickland has deposited certain funds of Mrs. Lofton in the Hamilton County Bank at Jasper, Florida, it is hereby

"Ordered and Decreed that the First National Bank of Valdosta, Georgia, be and the same is hereby designated as receiver for Mrs. Ruby Lofton, to serve until there is a final judicial determination of the competence of Mrs. Lofton and until further order of this court, further

"Ordered that Bradford Strickland and/or Annie Maude Strickland withdraw funds of Mrs. Lofton, which they have deposited in the Hamilton County Bank of Jasper, Florida, and deposit same in the First National Bank of Valdosta, Georgia, and that they likewise deposit all Social Security checks and rent payments of Mrs. Lofton in the said First National Bank, further,

"Ordered that the First National Bank of Valdosta pay to Annie Maude Strickland from the funds of Mrs. Ruby Lofton, the sum of one hundred seventy five (175) dollars per month beginning on September 1, 1969, and monthly thereafter, to defray the expense of maintenance for said Mrs. Lofton.

"So Ordered. This the *8th* day of September, 1969."

The enumerated errors are as follows: "1. The court, after the interlocutory hearing in Echols County, Georgia, on September 8, 1969, on a motion to dissolve temporary restraining orders, based upon the pleadings and record, upon which the order dated September 8, 1969, certified for immediate review September 26, 1969, was based, erred in holding: (a) That Mrs. Ruby Lofton has substantial funds on deposit with the First National Bank of Valdosta and that various parties are claiming the right to draw upon the funds. (b) That Mrs. Ruby Lofton is an elderly person and that there is some question as to her competency. 2. The trial court erred in ordering the First National Bank of Valdosta, Georgia, be and the same is hereby designated as receiver for Mrs. Ruby Lofton, to serve until there is a final judicial determination of the competency of Mrs. Lofton and until further order of this court. 3. The trial court erred in ordering that Bradford Strickland, and/or Annie Maude Strickland withdraw funds of Mrs. Lofton, which they have deposited in the Hamilton County Bank of Jasper, Florida, and deposit same in the First National Bank of Valdosta, Georgia, and that they likewise deposit all Social Security checks and rent payments collected for Mrs. Lofton in the said First National Bank. 4. The trial court erred in ordering that the First National Bank of Valdosta pay to Annie Maude Strickland from the funds of Mrs. Ruby Lofton, the sum of one hundred seventy-five ($175) dollars per month beginning on September 1, 1969, and monthly thereafter, to defray the expense of maintenance for said Mrs. Lofton."

The order appealed from recites that "The above matter coming on to be heard and it appearing to the court" and "it appearing further" and "it appearing from the evidence" and "it appearing further." It is therefore conclusively presumed that at the hearing the judge heard evidence and that every finding made by him was based on sufficient evidence in the absence of a transcript of the evidence or an agreement on a brief of evidence between counsel or a statement of the evidence by the court.

In view of what is said above and since the presumption

above demands the finding that the court was authorized to rule as it did as to every part of the judgment appealed from, the judgment must be and is

*Affirmed. All the Justices concur.*