S97G0983. PADGETT v. WAFFLE HOUSE, INC.
(498 SE2d 499)

FLETCHER, Presiding Justice.

The issue presented in this granted certiorari is whether a workers' compensation claimant who is on restricted duty due to a compensable injury and who is discharged because of those restrictions is required to show that she has made a diligent effort to obtain employment in order to receive benefits. We decline to place the burden of proving work availability on the employee in this situation because such a rule would be inconsistent with prior case law and illogical in light of other rules governing workers' compensation

cases. Therefore, we reverse the court of appeals.[1]

Scarlett O. Padgett was working for Waffle House when she suffered a work-related injury in February 1993. She returned to light-duty work in November 1993 with specific restrictions and received temporary partial disability benefits for earnings lost due to working a light-duty job instead of her regular job. In September 1994, Waffle House terminated Padgett for cause after giving her three warnings regarding violations of various work rules. Padgett continued to draw temporary partial disability. Later she filed a claim for temporary total disability alleging a change in condition under O.C.G.A. § 34-9-104 due to her inability to find other employment.

The Administrative Law Judge found that Padgett "was terminated for reasons which were directly related to her job injury" and awarded total disability benefits. The appellate division of the state board of workers' compensation and the trial court affirmed. The court of appeals reversed the award of benefits, holding that because Padgett's claim for total disability was not based on total physical disability, but on her alleged inability to find other work, she was required to show a diligent search for other employment and that it and the trial court were bound by the ALJ's findings that she had not made this showing.[2]

1. In *Maloney v. Gordon County Farms*[3] this court did hold that an employee who sought benefits based on a change in condition under O.C.G.A. § 34-9-104 must show a diligent search for work. *Maloney*, however, involved a claimant who was terminated for reasons unrelated to her disability. Applying the rule stated in *Maloney* without regard for this factual difference ignores the underlying rationale of *Maloney*. The concern addressed in *Maloney* is that benefits should be awarded only where the economic change for the worse is proximately caused by the work-related injury.[4] Proof of a diligent job search allows the board to infer this critical causal connection where the termination is for reasons wholly unrelated to the injury. However, by proving that the work-related injury is the proximate cause of the termination, the claimant establishes the causal link between injury and worsened economic condition. The causal link is the important element rather than the method of proving it.

2. Relieving the employee of the burden of proving work availability in this situation is also consistent with the rules generally applicable when an employee is released to return to work. When an employee, who had previously been out of work due to a work-related

[1] *Waffle House, Inc. v. Padgett*, 225 Ga. App. 144 (483 SE2d 131) (1997).
[2] *Id.* at 147.
[3] 265 Ga. 825, 828 (462 SE2d 606) (1995).
[4] *Id.* at 827.

injury, has been released to return to work with restrictions, an employer must either provide suitable work or continue to pay temporary total disability benefits.[5] The employer may terminate the disability benefits only by showing that the employee has the ability to return to work and that work suitable for the employee's restrictions is available.[6] Excusing the employer from this burden when it offers light-duty work, but then withdraws it because of the employee's work-related injury, allows an employer to do indirectly what it cannot do directly — cease benefits without proving ability to work and availability of work.

In holding that the cause of Padgett's termination was not dispositive of her claim, the court of appeals relied on *Gilbert/Robinson, Inc. v. Meyers*.[7] That case, however, is distinguishable in that the claimant was seeking a resumption of benefits after termination from a subsequent job with another employer. The concern that an employer will seek to terminate benefits without proving availability of and ability to work is inapplicable where there is a subsequent employer that does not have the same obligation as the original employer to offer suitable work or pay benefits.

3. The ALJ in this case did not make a finding regarding the proximate cause of Padgett's termination. Rather, the ALJ considered separately each violation for which Waffle House reprimanded Padgett to determine whether the violation was related to her injury and found that one of the three was "related to" the injury.[8] The ALJ made no express finding regarding the role these other violations played in Padgett's termination[9] and the board simply adopted the ALJ's findings. Although proximate cause is not viewed as strictly in the workers' compensation context as in other contexts,[10] it is more than incidental cause.[11] Because the issue of proximate cause is a factual determination and the board's finding does not clearly make this determination, it will be necessary for the court of appeals to remand for further findings regarding the proximate cause of Padgett's termination.

*Judgment reversed with direction. All the Justices concur.*

---

[5] *Poulnot v. Dundee Mills Corp.*, 173 Ga. App. 799 (328 SE2d 228) (1985).

[6] *Peterson/Puritan, Inc. v. Day*, 157 Ga. App. 827, 829 (278 SE2d 674) (1981).

[7] 214 Ga. App. 510, 512 (448 SE2d 246) (1994), *cert. denied*, Jan. 26, 1995.

[8] The ALJ found that fraudulently inflating commissions and using profanity were not related to the injury, but that sitting in customer seating was related.

[9] A finding that the reasons for the termination were a pretext to avoid continued payment of benefits would satisfy the proximate cause requirement. See *Hendrix v. American Mut. Liability Ins. Co.*, 111 Ga. App. 128, 131 (140 SE2d 907) (1965).

[10] *United States Casualty Co. v. Smith*, 162 Ga.130, 137 (133 SE 851) (1926) ("The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the workmen's compensation act.").

[11] *Brown v. Georgia Power Co.*, 181 Ga. App. 500, 501 (352 SE2d 818) (1987).

Decided February 23, 1998.

*Perkins & Perkins, Cliff C. Perkins,* for appellant.

*Goldner, Sommers, Scrudder & Bass, Alfred A. Quillian, Tiffany T. Norman,* for appellee.

*Finn & Hurtt, Thomas M. Finn, Rebecca E. Liner, George, Bartles & Wallach, Alex B. Wallach, Nelson, Hill, Lord & Beasley, Janet E. Hill, Kesler T. Roberts, Walls & Glucksman, J. Michael Walls, Stanford, Fagan & Giolito, James D. Fagan, Jr.,* amici curiae.