A04A0154. ABDUL-HAKIM v. MEAD SCHOOL & OFFICE PRODUCTS et al.

(598 SE2d 808)

ELLINGTON, Judge.

Pursuant to this Court's grant of his application for discretionary appeal,[1] Jamaal Abdul-Hakim appeals from a superior court order affirming a decision by the appellate division of the State Board of Workers' Compensation ("board").[2] The appellate division of the board had affirmed a ruling by an administrative law judge ("ALJ") which denied Abdul-Hakim's petition for a late-payment penalty on his workers' compensation award. Finding no error, we affirm.

The issue on appeal is whether the superior court erred in affirming the board's determination that Abdul-Hakim was not entitled to a late-payment penalty award of 20 percent of his workers' compensation award. Abdul-Hakim contends that he was entitled to

---

[10] *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999).

[11] Id.

[12] See generally *State v. Dawson*, 203 Ga. App. 854, 855 (1) (419 SE2d 30) (1992).

[13] See *Reason v. State*, 259 Ga. App. 599 (1) (578 SE2d 199) (2003).

[1] OCGA § 5-6-35 (a) (1).

[2] The superior court affirmed the appellate division's order by operation of law when the court failed to conduct or reschedule a hearing within 60 days of the appellate division's order. OCGA § 34-9-105 (b).

the penalty award because his employer and insurance carrier (hereinafter, collectively referred to as "Mead") failed to timely pay a workers' compensation award in accordance with the applicable Code sections, the rules of the workers' compensation board, and the terms of a settlement agreement between the parties.

The relevant statute is OCGA § 34-9-221 (f), which reads in part, "[i]f income benefits payable under the terms of [a workers' compensation] award are not paid within 20 days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof." According to State Board of Workers' Compensation Rule 221 (a),[3] employers should "[m]ail or deliver payment to the address specified by the employee or the address of record. The payment shall be considered paid when postmarked and mailed within the State of Georgia."

The facts of this case are as follows: On December 18, 2001, the State Board of Workers' Compensation approved a stipulation and agreement which provided that Mead would pay Abdul-Hakim $50,000 as settlement of all claims arising from certain job-related accidents. The settlement agreement provided that the "settlement will be paid as follows: $12,500.00 to the Employee's attorney and $37,500.00 to the Employee. All settlement proceeds are to be sent directly to the Employee's attorney." Of the $37,500 awarded to Abdul-Hakim, $1,000 was allocated to cover the administrative costs of the claim.

Two days after the board approved the settlement, Mead sent a check for $37,500 to the law firm representing Abdul-Hakim; the check was made out to "John F. Sweet and Jamaal Abdul-Hakim."[4] It is undisputed that Sweet was a partner in the law firm, Clements & Sweet, P.C., although it is unclear whether Sweet actually represented Abdul-Hakim in this matter. Sometime within the next two weeks, the law firm returned the check to Mead, claiming that the firm could not negotiate the check as drafted, and, even if it could, Sweet was unavailable to sign the check. Mead received the returned check on January 4, 2002, and issued a new check to Abdul-Hakim on January 15, 2002.

In the meantime, on January 8, 2002, the law firm notified Mead that its settlement payment had been due on January 7, 2002, and contended that no payment had been received. Accordingly, the firm demanded a late-payment penalty pursuant to OCGA § 34-9-221 (f). On May 8, 2002, Abdul-Hakim moved the ALJ to order Mead to pay

---

[3] The board rules are printed in Appendix to Title 34, Official Code of Georgia Ann. (Supp. 2003).

[4] There is no issue in this case as to the $12,500 due to the law firm for attorney fees.

a 20 percent late payment penalty.[5] OCGA § 34-9-221 (f). In his motion, Abdul-Hakim contended the December 20, 2001 check did not comply with the terms of the settlement agreement and that the law firm could not have accepted the check as written without incurring "negative . . . tax consequences."

In response to the motion, Mead argued that it timely issued the December 20, 2001 check and that it complied with the settlement agreement's provision that the settlement payment should be sent to Abdul-Hakim's attorney. According to Mead, the check also complied with the "historical protocol" of the parties, who had used the same process for issuing checks over several years without incident. Further, Mead argued that the law firm refused to accept the check because of concerns that the firm might incur negative tax consequences, not because there was anything, in fact, wrong with the check as drafted.

The ALJ denied Abdul-Hakim's motion for late-payment penalties, and he appealed to the appellate division of the board. After conducting a hearing,[6] the appellate division found that "the preponderance of competent and credible evidence in the record supports the order of [the ALJ]." The appellate division ruled that Mead sent payment to Abdul-Hakim's counsel two days after the board's approval of the settlement agreement, and, therefore, Mead complied with the payment provisions under OCGA § 34-9-221 (b) and Board Rule 221 (a). Further, it found that the December 20, 2001 payment as drafted did not violate the terms of the stipulation. Therefore, the appellate division concluded that the ALJ did not err in finding that Abdul-Hakim was not entitled to a 20 percent late-payment penalty award.

1. On appeal, Abdul-Hakim contends the superior court erred in affirming the board's finding that the December 20, 2001 check complied with the terms of the settlement agreement and that Mead, therefore, made a timely payment. "It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this [C]ourt." (Citations and punctuation omitted.) *N. G. Gilbert Corp. v. Cash*, 181 Ga. App. 775, 777 (353 SE2d 840) (1987). See also *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. 155, 159 (7) (355 SE2d 93) (1987) (applying the "any evidence" test to review of the board's award of a penalty under OCGA § 34-9-221 (f)).

---

[5] The law firm also asked for attorney fees necessitated by the motion for late-payment penalties.

[6] The hearing transcript was not included in the record on appeal.

> A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed. . . . [Further,] when a hearing held below is not transcribed and the parties do not come to an agreed-upon statement of facts, it is presumed that the lower court's ruling is amply supported by the evidence of record.

(Footnotes omitted.) *Boles v. Lee*, 270 Ga. App. 454, 455 (1), (2) (511 SE2d 177) (1999). In this case, the appellate division conducted a hearing and made its findings "[a]fter review of the record as a whole as well as the arguments presented by the parties." It also found that the preponderance of credible and competent evidence of record supported the ALJ's order. Accordingly, in the absence of a transcript of the hearing, we must presume that the board's findings were supported by sufficient evidence. *Lofton v. Bohannan*, 226 Ga. 186, 188 (173 SE2d 204) (1970).

Further, as shown above, there is some evidence in this record to support the appellate division's determination that the December 20, 2001 check was timely mailed and complied with the terms of the settlement agreement. The fact that the law firm returned the check to Mead out of concerns that it may have incurred negative tax consequences by negotiating the check as drafted did not invalidate Mead's otherwise valid, timely payment. See *Liberty Nat. Life Ins. Co. v. Coley*, 201 Ga. App. 623, 625 (2) (411 SE2d 553) (1991) (requiring the employer/insurer to calculate into the 20-day payment period such factors as inclement weather, banking restrictions, and "the claimant's or attorney's cooperation in negotiating the instruments within the allocated time frame, defies reason and equity and effectively shortens the period the statute specifies").

Therefore, under the "any evidence" standard of review, we must affirm. *Atlanta Janitorial Svc. v. Jackson*, 182 Ga. App. at 159 (7).

2. Abdul-Hakim also argues that the superior court should be reversed and the board's decision set aside because the board acted outside its powers when it "excuse[d]" Mead's failure to timely pay the settlement by denying his motion for mandatory late-payment penalties. See OCGA §§ 34-9-105 (c) (absent fraud, the board's findings shall not be set aside unless the board acted outside its powers, the evidence did not support the decision, or the decision was contrary to law); 34-9-221 (f). As discussed in Division 1, supra, however, the record shows that the board did not excuse or ignore an untimely payment, but affirmatively found that Mead timely made the payment. Accordingly, this argument is without merit.

3. Abdul-Hakim also contends that the December 20, 2001 check was invalid because it could not be negotiated by him alone. See

OCGA § 11-3-110 (d) ("If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them."). As it appears from the record that this contention was not raised below, we will not consider it on appeal. *Carod Bldg. Svcs. v. Williams*, 182 Ga. App. 340, 341 (355 SE2d 723) (1987).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 29, 2004 —
RECONSIDERATION DENIED APRIL 16, 2004.

*Clements & Sweet, Brian J. Buckelew,* for appellant.
*Swift, Currie, McGhee & Hiers, Timothy C. Lemke, Benjamin A. Leonard,* for appellees.