**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 5, 2015**

# In the Court of Appeals of Georgia

A14A1801. BURNS v. STATE OF GEORGIA DEPARTMENT OF
    ADMINISTRATIVE SERVICES et al.

MCFADDEN, Judge.

This is a discretionary, pro se appeal from the superior court's order setting aside an award of temporary total disability benefits made to LaVerne Burns by the State Board of Workers' Compensation (the Board). As a threshold matter, Burns argues that defendants State of Georgia and the State of Georgia Department of Administrative Services (collectively, the employer) failed to timely appeal the award to the superior court. The record, however, shows otherwise. As to the merits, Burns argues that it was error for the superior court to set aside the award. We agree, because the superior court apparently did not have before her the transcript of the relevant evidentiary hearing when she ruled to set aside the award, and because the

superior court incorrectly held that Burns had to demonstrate certain facts not required by the law. Accordingly, we reverse the superior court's order and remand the case to the superior court for further proceedings not inconsistent with this opinion.

1. *Procedural posture.*

Burns, a receptionist for the State of Georgia Department of Administrative Services, was injured at work in December 2009 when the chair in which she was sitting collapsed. She received workers' compensation benefits in connection with that injury. Nevertheless, she continued to work in her position until October 30, 2012, when the employer terminated her employment. Burns then sought temporary total disability benefits. See OCGA § 34-9-104. The employer challenged this request on the ground that Burns's employment was terminated for reasons unrelated to her injury and because she had not sought another job.

After an evidentiary hearing, an Administrative Law Judge (ALJ) awarded Burns temporary total disability benefits. The ALJ specifically found that Burns was a credible witness, that "the reasons given by the [e]mployer to justify [Burns's] termination were pretextual, and that [Burns] was terminated due to her work injury." Because the "real reason for [Burns's] termination [was] her work-related injury and

2

claim," the ALJ determined that Burns had "carried her burden of proving, by a preponderance of the evidence, that she is entitled to temporary total disability benefits."

The employer appealed the award to the Board's Appellate Division, which found that the evidence authorized the award and upheld it. The employer then appealed the award to the superior court. The superior court rejected Burns's challenge to the timeliness of the appeal and held that, to obtain benefits, Burns was required to show either that she had searched for another position or that she had been working in a restricted capacity when her employment was terminated. Finding that Burns had not made either showing, the superior court set aside the award. The superior court expressly "d[id] not reach the ALJ's determination that the reasons given for [Burns's] termination were pretextual," indicating that the superior court found that the existence of pretext was not relevant to her decision to set aside the award.

2. *Timeliness of appeal to superior court.*

We find no merit in Burns's argument that the employer's appeal to the superior court was untimely. The record shows that the Board's Appellate Division issued the order upholding the ALJ's award on August 15, 2013, and that the Board

3

received the employer's written application for appeal to the superior court 19 days later, on September 3, 2013. This constituted a timely-filed appeal. See OCGA § 34-9-100 (e) (1) (appeal from workers' compensation award is deemed filed on date actually received by Workers' Compensation Board); OCGA § 34-9-105 (b) (parties to workers' compensation dispute may appeal award to superior court within 20 days of date of award, and any such appeal shall be filed with the Workers' Compensation Board in writing).

3. *Propriety of set-aside.*

Burns argues that the superior court improperly set aside her workers' compensation award. A superior court may set aside the findings made by the members of the Board only if it is found that: "(1) The members acted without or in excess of their powers; (2) The decision was procured by fraud; (3) The facts found by the members do not support the decision; (4) There is not sufficient competent evidence in the record to warrant the members making the decision; or (5) The decision is contrary to law." OCGA § 34-9-105 (c). The superior court in this case found that the Board's decision lacked sufficient evidentiary support and was contrary to law. This was error for two reasons.

4

(a) First, it appears from the record that the superior court did not have the transcript of the relevant evidentiary hearing before her when she ruled to set aside the award. That hearing took place on February 26, 2013. Although the Board was required to transmit this transcript to the superior court, see OCGA § 34-9-105 (b), the record contains no transcript of a hearing on that date. Instead, the record contains the transcript of a different hearing from April 2010, well before the employer terminated Burns's employment.

In other circumstances we would respond to the absence of a transcript by employing the presumption of regularity or by finding that an appellant had failed in the duty to show error. See *Reed v. Reed*, 295 Ga. 574, 577-578 (2) (761 SE2d 326) (2014). But in the workers' compensation context there is authority for the proposition that the burden to perfect the record is on the State Board of Workers Compensation. See *Aetna Cas. & Surety Co. v. Nuckolls*, 69 Ga. App. 649, 652-653 (26 SE2d 473) (1943) (appellant who had no role in failing of Department of Industrial Relations (predecessor to State Board of Workers' Compensation) to timely transmit record to superior court should not suffer for that failing). But see *Abdul-Hakim v. Mead School & Office Products*, 267 Ga. App. 121, 124 (1) (598 SE2d 808) (2004) (holding – without addressing *Nuckolls* – that, in the absence of transcript of

5

hearing in workers' compensation case, appellate court must presume board's findings were supported by sufficient evidence). And the parties here have not undertaken to explain the absence of a transcript. So we do not undertake in today's opinion to resolve the tension to between *Nukolls* and *Abdul-Hakim.*

For today it is enough to reaffirm that, in reviewing the Board's award of workers' compensation benefits, the superior court was required "to construe the evidence in a light most favorable to the party prevailing before the State Board." *YKK (USA) v. Patterson*, 287 Ga. App. 537 (652 SE2d 187) (2007) (citation omitted). Without a transcript of the relevant evidentiary hearing, the superior court could not perform this function, and it was error for the superior court to set aside the Board's decision on the basis of insufficient evidence under those circumstances. See id. ("It is axiomatic that the findings of the Board, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this (c)ourt has any authority to substitute itself as a fact finding body in lieu of the Board.") (citation omitted). Consequently, as explained below, we remand for further proceedings consistent with our opinion.

(b) Second the superior court misconstrued the relevant law in setting aside the award, thereby rejecting the Board's correct legal analysis and holding that Burns had

the burden of showing more than the law requires. Even though we are remanding this case for the trial court to consider the complete record in her decision, we address this legal question now so that, on remand, the trial court can apply the correct law in her review of the award.

The trial court held that, to obtain benefits, Burns was required to show either that she had searched for another position or that she had been working in a restricted capacity when her employment was terminated. The law does not impose those requirements on Burns. The superior court based her holding on the decision in *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995), in which our Supreme Court held that a claimant seeking workers' compensation benefits based on a change in condition must show, among other things, that he or she has "made a diligent, but unsuccessful effort to secure suitable employment following termination." Id. at 828. But in *Padgett v. Waffle House*, 269 Ga. 105 (498 SE2d 499) (1998), the Supreme Court clarified that this rule represented a way of proving the necessary element of causation in this type of workers' compensation claim; it is not a separate element of the claim. The Supreme Court explained that *Maloney*

> involved a claimant who was terminated for reasons unrelated to her
> disability. Applying the rule stated in *Maloney* without regard for this

7

factual difference ignores the underlying rationale of *Maloney*. The concern addressed in *Maloney* is that benefits should be awarded only where the economic change for the worse is proximately caused by the work-related injury. Proof of a diligent job search allows the board to infer this critical connection where the termination is for reasons wholly unrelated to the injury. However, by proving that the work-related injury is the proximate cause of the termination, the claimant establishes the causal link between injury and worsened economic condition. The causal link is the important element rather than the method of proving it.

*Padgett*, 269 Ga. at 106 (1) (citation omitted). "A finding that the reasons for the termination were a pretext to avoid continued payment of benefits would satisfy the proximate cause requirement." Id. at 107 (3) n. 9 (citation omitted). See also *Minter v. Tyson Foods*, 271 Ga. App. 185, 187 (1) n. 5 (609 SE2d 137) (2004) (under *Padgett*, employee who is terminated from employment for reasons directly related to job injury is not required to establish that she made diligent effort to find employment elsewhere before becoming entitled to workers' compensation benefits).

The superior court held that *Padgett* "applies only to individuals who are unable to complete all the requirements of their position based upon a work injury, and are then discharged based on their inability to comply with all such requirements." We disagree. The court in *Padgett* held that if an employer refuses to

provide suitable work to an employee due to the employee's work-related injury, the employer must instead pay temporary total disability benefits to the employee. Id. at 106-107 (2). Although *Padgett* discussed this principle in the context of an employee with modified job duties, see id., we see no reason why the *Padgett* rule should not also apply to employees who can perform their job duties without modification, if – as the Board found here – the employer refuses to provide that work *due to the work-related injury*. The causal link between the work-related injury and worsened economic condition can be established in either instance.

Accordingly, the dispositive issue is not whether Burns sought new employment or whether she was working under restrictions when the employer terminated her employment, but whether she demonstrated the necessary causal link between her work-related injury and her worsened economic condition. The facts found by the Board – that the employer gave pretextual reasons for terminating Burns's employment, which instead was due in part to Burns's work-related injury – established this causal link. *Padgett*, 269 Ga. at 106, 107 (1), (3) & n. 9. Because the superior court misconstrued *Padgett*, however, she did not view the issue of pretext to be relevant to her decision. The superior court expressly did not address whether there was any evidence to support the Board's findings on pretext, nor could the

9

superior court have addressed that question given the absence of the evidentiary hearing transcript from the superior court record.

Consequently, we reverse the order setting aside the workers' compensation award and remand the case to the superior court for further proceedings not inconsistent with this opinion, which may include a determination of the reasons for the absence of the relevant hearing transcript and whether to draw any presumptions from that absence. Compare *Abdul-Hakim v. Mead School & Office Products*, supra, 267 Ga. App. 121 with *Aetna Cas. & Surety Co. v. Nuckolls*, supra, 69 Ga. App. 649. See also *Columbus Foundries v. Moore*, 175 Ga. App. 387, 390 (333 SE2d 212) (1985) (reversing superior court's reversal of Board's decision in workers' compensation case, which superior court had based on erroneous jurisdictional ruling, and remanding to superior court for that court to review Board's decision under proper standard).

*Judgment reversed and case remanded. Andrews, P. J., concurs; Ray, J., concur*s *in the judgment only.*